IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| James W. Plumb, | ) | C/A No.: 8:10-cv-03090-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, James W. Plumb, brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

A reviewing court will reverse the Commissioner's decision if it contains an error of law or fails to provide the court with sufficient reasoning to determine if the Commissioner properly applied the law. *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980).

Plaintiff filed his application for disability benefits in January 2005 , alleging disability as of September 20, 2004, due to chronic obstructive pulmonary disease, degenerative disc disease of the cervical spine, degenerative joint disease of the right shoulder, rheumatoid arthritis, and vision problems. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on March 2, 2006. The ALJ thereafter denied plaintiff's claims in a decision issued on October 23, 2006. The claimant requested review by the Appeals Council, which remanded the case to the ALJ for another hearing because the record could not be located. A hearing was held on January 20, 2009, and the ALJ issued his decision on November 20, 2009, finding that the plaintiff was not disabled. The ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff has now appealed to the federal court. In addition to his appeal, the plaintiff has filed a motion to admit additional evidence (Docket Entry # 15), to which the defendant has filed a response in opposition.

The claimant was 58 years old on the alleged onset date. He completed high school and took

some college courses. His past work experience includes employment doing construction work and as an owner/operator of a liquor store.

Under the Social Security Act, the plaintiff's eligibility for benefits hinges on whether he "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id.* at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id.* at § 404.1561; (2) age, *id.* at § 404.1563; (3) education, *id.* at § 404.1564; (4) work experience, *id.* at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors.

*Id.* at § 404.1561.  The interrelation between these vocational factors is governed by Appendix 2 of Subpart P.  Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined:  (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

The ALJ made the following findings in this case in his decision dated November 20, 2009:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2008.
2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of September 20, 2004 through his date last insured of December 31, 2008 (20 C.F.R. § 1571, *et seq.*)
3. Through the date last insured, the claimant had the following severe impairments: chronic obstructive pulmonary disease with a history of lung cancer and status post lobectomy, degenerative disc disease of the cervical spine, and degenerative joint disease of the right shoulder (20 C.F.R. § 404.1520(c)).
4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).
5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a significant range of light work as defined in 20 C.F.R. § 404.1567(c). Specifically, the claimant is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for 6 hours in an 8-hour day.  The claimant cannot climb, crawl or perform work requiring concentrated exposure to lung irritants. He can no more than occasionally crouch, stoop, or perform overhead lifting.  Such a residual functional capacity is well supported by the weight of the evidence of record.
6. Through the date last insured, the claimant was capable of performing past relevant work as a liquor store owner/operator. This work did not require the performance of work-related activities precluded by the claimant's residual

functional capacity (20 C.F.R. § 404.1565)
7. The claimant has not been under a disability, as defined in
the Social Security Act, at any time from September 20, 2004, the alleged
onset date, through December 31, 2008, the date last insured.
(20 C.F.R. § 404.1520(f)).

(Tr. pp. 15-21).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On February 2, 2012, Magistrate Jacquelyn D. Austin filed a report and recommendation ("R&R") suggesting that the decision of the Commissioner should be affirmed and the plaintiff's motion to admit new evidence be denied. The plaintiff filed objections to the R&R on February 3, 2012.[1] The defendant filed a response to Plaintiff's objections on February 10, 2012.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v.

---

[1] Plaintiff does not object to the Magistrate's recommendation that the motion to admit new evidence be denied. The Court has reviewed this recommendation for clear error and finds none. Therefore, the new evidence will not be considered.

Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## PLAINTIFF'S OBJECTIONS

In his objections to the R&R, Plaintiff asserts that the ALJ failed to properly explain the reason for giving the treating physician's opinion only limited weight and improperly failed to accord his opinion greater weight. He also objects to the finding by the Magistrate that there is no requirement that the ALJ fully summarize the findings of the treating physician.

Additionally, he objects to the ALJ finding that the plaintiff can perform his past relevant work as a liquor store owner/operator. Finally, he objects to the finding by the Magistrate Judge that the ALJ properly complied with the symptom test.

## ANALYSIS

***Treating Physician***. Under 20 C.F.R. § 404.1527, the opinion of a treating physician is generally entitled to more weight than the opinion of a non-treating physician. However, it is only given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). Under section 404.1527, if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. §

404.1527(d)(2)(i-ii) and (d)(3)-(5).

Social Security Ruling 96-2p states that, even if the opinion of a treating source is not given controlling weight, it is "still entitled to deference and must be weighed using all the factors provided in [the regulations]. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." Social Security Ruling 96-2p also requires that the ALJ decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and all the reasons for that weight."

The ALJ recited reports from November 2006, September 2008, and January 2009 by the claimant's long time treating internist, Dr. John Rathbun[2], as stating *inter alia* that Mr. Plumb could only stand for between 10 and 30 minutes at a time and between one hour and two hours total during an eight-hour day and walk for 1 to 5 minutes at a time and between 1 to 2 hours during an eight-hour day. However, he accorded the opinions by Dr. Rathbun "generally limited weight as they are unsupported by the weight of the evidence of record."[3] He states, "[a]s detailed below, the claimant

---

[2] Dr. Rathbun treated the plaintiff from at least 1996 through 2004.

[3] The ALJ fails to mention that the record contains extensive evidence of pulmonary function tests, chest x-rays, MRIs, and laboratory tests ordered by Dr. Rathbun. However, Dr. Rathbun's long period of treatment of the claimant and the extensive diagnostic test results referenced by counsel in his Reply Brief (Docket Entry #13, p.5), along with the fact that the Agency's own consultative examiner, Dr. Asbury Williams, found shortness of breath "on the slightest exertion" (Tr. p. 138) cannot be ignored. In fact, the diagnostic study of Dr. Williams states: "A pulmonary function test done one year ago by Dr. Rothman(sic), was sent to me by your office. This revealed a low FEV of 44% pre-bronchodilator and 65% post-bronchodilator. Anything under 80% is considered low. Forced vital capacity was also low with pre-bronchodilator being 47% and post-bronchodilator being 65%. This is compatible with a diagnosis of decreased respiratory capacity, secondary to his right upper and right middle lobe removal." (Tr. p. 137). Instead of citing these tests, he refers to notes from Waccamaw

has generally received limited medical attention as a result of his severe impairments and did not require any surgery, physical therapy, or injections following his alleged onset date. Moreover, findings upon routine examination were generally unremarkable." (Tr. p. 18).

The ALJ cites the state agency physicians as finding the claimant was not disabled but gives their limitation of the claimant to occasional kneeling and balancing and avoidance of concentrated exposure to extreme cold, heat, and wetness "limited weight." He only cites the opinion by the consultative physician, Dr. Asbury Williams, for the purpose of showing that the claimant has limited orthopaedic problems (Tr. p. 20) and that he only took Bextra, rather than narcotic pain medications (Tr. p. 18). The plaintiff points out that the records from Dr. Rathbun do in fact refer to prescriptions for hydrocodone and other narcotic pain medicines. (Tr. pp. 230-232). The ALJ fails to mention the portion of Dr. Williams' report that states that the claimant has shortness of breath upon the slightest exertion.     The Court finds that the ALJ failed to analyze the opinions by Dr. Rathbun in accordance with 20 C.F.R. § 404.1527. Therefore, the case is remanded for a correct analysis of the medical opinions by Dr. Rathbun in accordance with Section 404.1527 and SSR 96-2p and 96-8p. Once this is done, then it may be necessary for the ALJ to revise his RFC finding.

*Past Relevant Work*. The plaintiff contends that the ALJ erred in evaluating his past relevant work and that such work should have been deemed to be a composite job.

The Vocational Expert testified as follows:

The prior work was that of a liquor store owner and operator. That work really breaks down into two DOTs. The owner/management type of duties would be covered under DOT 185.167-046. That work is skilled with an SVP of 7 and light. Physical duties, including the stocking, the unloading, putting up cases, would fall under the category

---

Community Hospital, where the plaintiff was treated for a fractured left ankle and given a cast, to show that the plaintiff does not suffer from significant shortness of breath. (Tr. p. 300-301).

8

> of liquor store clerk, DOT 299.367-014, semi-skilled, SVP of 4 and heavy. Your honor, the claimant's testimony today that–he creates the impression that he spent a lot of time actually moving stock and doing heavy physical work which is somewhat at variance from the job description that was written out in the written record, so that is why I split it out that way.

(Tr. p. 487.)

The ALJ found that "the impartial vocational expert testified that based upon the claimant's residual functional capacity. . ., the claimant could return to his past relevant work as a liquor store owner/operator." (Tr. p. 20). He also stated, "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed." *Id*.

As argued by the plaintiff, the ALJ did not himself interpret the plaintiff's prior relevant work. He simply referred to the testimony of the VE. Additionally, the ALJ misquoted the testimony of the VE. The VE's actual testimony was that the plaintiff could not perform the job as actually performed because his actual prior work involved lifting boxes and other medium work. In response to the first hypothetical question, which included the option to alternate between sitting and standing, the VE further stated that the plaintiff could not perform his prior work if he needed to have the flexibility of changing position every hour of an eight-hour day. He stated that, even if he could direct other employees to lift the heavy boxes, the job would still require the person to "be on the floor at all times, usually at the cash register, but frequently walking through the store, greeting people, trying to direct them, trying to drum up sales. So you're going to be on your feet pretty consistently throughout the day." (Tr. p. 488).

Social Security Ruling 82-62 required the ALJ to make three factual findings in determining that a claimant has the ability to perform past relevant work:

      1. A Finding of Fact as to the individual's RFC.
      2. A Finding of Fact as to the physical and mental demands of the past job/occupation.
      3. A Finding of Fact that the individual's RFC would permit a return to his or her past job occupation.

Social Security Ruling 82-61 provides in the "Further Information" section:

Composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine how a particular job is usually performed, it may be necessary to utilize the services of a Vocational Specialist or Vocational Expert.

The ALJ made a finding as to the plaintiff's RFC as required by part 1 of SSR 82-62; however, additional findings may be required after further appropriate consideration of the treating physician opinion on remand as set forth earlier in this order. Additionally, the ALJ did not make findings of fact as to part 2 of the SSR, the physical and mental demands imposed by the duties of the past job/occupation. On remand, the ALJ shall make such factual findings and determine whether the past relevant work was a composite job. Of course, if the ALJ finds that the plaintiff cannot perform his past relevant work, then he must proceed to step five of the sequential analysis.

*Evaluation of Symptoms*. The ALJ is required to comply with a two-part symptom test pursuant to Social Security Ruling 96-7p and Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). He must first determine whether the claimant has a medical impairment reasonably likely to cause the pain or symptoms claimed. Second, he must determine the intensity and persistence of the pain or symptoms and the extent to which it affects his ability to work.

On remand, the ALJ should make new credibility findings in accordance with the evidence, applicable regulations, and case law.

## **CONCLUSION**

After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court respectfully declines to adopt the recommendation of the Magistrate Judge and remands the case to the Commissioner for further findings. The Commissioner's decision is reversed under Sentence Four of 42 U.S.C. § 405(g) and remanded for further proceedings in accordance with this order.

**IT IS SO ORDERED**.

                                          s/R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

March 7, 2012
Florence, South Carolina